**Yohannes Mehari GEBREMESKEL, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 04–71396.

Agency No. A77–957–794.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.\*\*

Decided April 7, 2005.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Gebremeskel's request for oral argument is denied.

Loretta Nelms Reyes, Chula Vista, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Stacy S. Paddack, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KOZINSKI, HAWKINS and CLIFTON, Circuit Judges.

*** This disposition is not appropriate for publication and may not be cited to or by the

### MEMORANDUM***

Yohannes Mehari Gebremeskel, a native and citizen of Eritrea, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review an adverse credibility finding for substantial evidence and will uphold the decision unless the evidence compels a contrary conclusion. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir.2004). We deny the petition for review.

■ Substantial evidence supports the BIA's and IJ's decisions. Gebremeskel's testimony was unresponsive, and lacked clarity and specificity. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1152–53 (9th Cir. 1999). Moreover, it was implausible that he heard for the first time in 2000 that Eritrea and Ethiopia were having a confrontation, when the two nations were at war since 1998. *See id.*

Because Gebremeskel failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

■ We decline to address Gebremeskel's challenge under CAT because it was not properly argued in the opening brief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.